UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CITY OF NEW HOPE, TENNESSEE, | ) ) ) | Case No. 1:24-cv-295 |
| Plaintiff, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| KINSEY CONSTRUCTION COMPANY, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court are Plaintiff City of New Hope, Tennessee, and Defendant Kinsey Construction Company, LLC's motions to dismiss (Docs. 43, 45). For the reasons set forth below, the parties' motions (Docs. 43, 45) will be **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

Plaintiff City of New Hope is a municipality in Marion County, Tennessee. (Doc. 1-1, at 4.) In August of 1981, Defendant enacted "Ordinance No. 3" ("the Ordinance"). (*Id*. at 5.) The Ordinance provides that there is "a 10-ton load limit on all city roads" and that "any vehicles exceeding the[] limit must post a bond in the amount set by the City of New Hope Council." (*Id*. at 8.)

Defendant Kinsey Construction Company, LLC, is a corporation that operates a rock quarry on Lake View Drive in New Hope, Tennessee. (*Id*. at 5.) Defendant uses trucks that typically exceed the 10-ton limit set by the Ordinance. (*Id*.) Accordingly, in 2022, Defendant

1

made inquiry of Plaintiff of the bond amount for use of a one-mile stretch of road near the rock quarry. (*Id*.) Plaintiff informed Defendant that the bond amount would be $148,000.00, the cost the Marion County Highway Department estimated it would take to repave that one-mile stretch of road. (*Id*. at 5–6.) Defendant instead decided to use a shorter stretch of the road which required only a $30,000.00 bond. (*Id*. at 6.) Plaintiff alleges, however, that in 2024, Defendant demanded the right to use the longer stretch of road without paying the required $148,000.00 bond. (*Id*.)

Plaintiff filed this action in the Chancery Court for Marion County on August 21, 2024. (*Id*. at 2.) Plaintiff sought a declaratory judgment "requiring [Defendant] to post a bond prior to making extraordinary use of [Plaintiff's] streets by vehicles exceeding the 10[-]ton limit and [Plaintiff] setting the amount of the bond are valid and proper exercises of [Plaintiff's] police powers." (*Id*. at 6.) Defendant removed this action on August 29, 2024, asserting that this Court has both federal question and diversity jurisdiction. (*See* Doc. 1.) Defendant also filed a counterclaim pursuant to 42 U.S.C. § 1983, arguing that Plaintiff's enforcement of the Ordinance violated the Fifth and Fourteenth Amendment. (*See* Doc. 9, at 8.) Defendant also sought a declaratory judgment that the Ordinance was unconstitutional. (*See id*.)

The Court set a declaratory judgment hearing. (*See* Doc. 20.) However, on February 13, 2025, the Court canceled the hearing after the parties represented that they had reached an agreement in principle to settle this case. (*See* Doc. 35.) The Court ordered the parties to file a stipulation of dismissal on or before March 10, 2025. (*See id.*) The parties moved for an extension to give them time to finalize the settlement agreement, which the Court granted. (See Doc. 37.) Before the deadline, Defendant moved for a status conference. (*See* Doc. 38.) Defendant stated that the parties had reached an agreement, but that Plaintiff refused to sign a

2

written settlement agreement. (*See id.*) The Court set an in-person status conference to attempt to resolve this apparent impasse. (*See* Doc. 39.) However, the hearing was canceled at the request of the parties. (*See* Doc. 41.)

On April 11, 2025, the parties informed the Court that "[they] have reached an agreement on the broad settlement terms." (Doc. 42, at 1.) Per the agreement, Defendant obtained two bonds for a total of $80,000 for the use of the road and Plaintiff approved of the bond amount at a city meeting. (*See* Doc. 46, at 3.) However, the parties further stated that "[they] are in disagreement as to the specific terms of dismissal or whether a settlement agreement is necessary and/or appropriate." (Doc. 42, at 1.) Plaintiff was unwilling to enter into a signed settlement agreement which includes a mutual release of liability.[1] (*See id.*; Doc. 44, at 3.)

Both parties have now moved for dismissal but on different terms. Plaintiff requests that the Court dismiss its declaratory judgment action *without* prejudice and Defendant's § 1983 claim *with* prejudice. (*See* Doc. 46, at 4–5.) Plaintiff argues that a written agreement is not necessary since this matter has been resolved by its acceptance of Defendant's bonds and its vote to allow Defendant to use the road. (*See id.* at 5.) Plaintiff further states that the language Defendant is attempting to include in the settlement agreement is overly broad and extends the liability release beyond what the parties agreed to. (*See id.* at 4.)

Defendant requests an order "dismissing this action without prejudice on the condition that the parties will have 14 days to finalize and execute a settlement agreement addressing all material terms for settlement, including mutual releases and this dismissal of this action with

---

[1] The parties disagree as to whether a mutual release was ever agreed upon. Defendant represents that Plaintiff "included a mutual release in its [ ] proposed settlement agreement" but balked when it came time to sign. (Doc. 48, at 1.) Plaintiff argues that Defendant changed the terms of the mutual release in its edits to broaden the release beyond what it agreed to. (*See* Doc. 49, at 3–4.)

3

prejudice." (Doc. 44, at 5.) Defendant further requests that the Court's order provide that "if no settlement agreement is finalized and signed within that time, either party may seek reinstatement of this action and request that the Court hold a hearing to determine enforceability of settlement terms." (*Id*.) Defendant argues that the parties already have an enforceable settlement agreement that includes a mutual release. (*Id*.) While the parties agree the action should be dismissed, they oppose each other's respective motion.

The parties' motions are now ripe.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"The purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Brown v. City of Chattanooga*, No. 1:24-CV-42, 2024 WL 4899988, at *2 (E.D. Tenn. Nov. 26, 2024) (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009)) (internal alterations omitted). "The Court must consider whether the non-movant 'would suffer plain legal prejudice' as the result of a dismissal without prejudice." *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298, at *2 (S.D. Ohio May 10, 2016) (quoting *Jones v. W. Rsrv. Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012)).

"The Court must also consider: (1) the non-movant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the movant in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the non-movant." *Brown*, 2024 WL 4899988 at *2

(quoting *Bridgeport*, 583 F.3d at 953) (internal alterations and quotations omitted). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the non-movant may suffer from a dismissal without prejudice." *Id.* (internal citation and alterations omitted).

This is a strange situation because *both* parties have moved for dismissal but on different terms. The Court has considered the Rule 41(a)(2) factors and find they strongly favor dismissal. However, the Court does not believe that the terms proposed by either party are appropriate and will not adequately ensure that the other party will not suffer legal prejudice. Defendant's terms would result in the Court arm-twisting Plaintiff into entering into an agreement which includes terms Plaintiff states it did not agree to. Similarly, Plaintiff's terms unduly benefit it by dismissing Defendant's 42 U.S.C. §1983 claim *with* prejudice while dismissing its own declaratory judgment action *without* prejudice, preserving its ability to file the same action in the future.[2] Indeed, Defendant's primary concern is that "a future City administration [will] decide[] to change the bond requirement" and it will have to begin this litigation again from the start. (Doc. 43-3, at 2.)

Accordingly, the Court finds that dismissal without prejudice as to all claims is appropriate. The claims of both parties are dismissed without prejudice subject to the conditions that: (1) litigation will resume in the same posture it left off should either party pursue its claims again, and (2) if any party refiles suit, it must file in this Court within the time period permitted

---

[2] Plaintiff claims that Defendant has already "released all claims for damages related to this suit" and therefore there is no harm in dismissing the 1983 claim with prejudice. (Doc. 46, at 3.) However, Defendant argues that the release was "in exchange for" the mutual release of liability that Plaintiff refuses to sign. (*See* Doc. 48, at 1.) It is therefore unclear whether Defendant has in fact released its claims against Plaintiff.

by law.  All previous rulings and entries on the docket will remain in effect for the subsequent suit.[3]

   III.   CONCLUSION

   For the aforementioned reasons, the parties' motion to dismiss (Docs. 43, 45) are **GRANTED IN PART** and **DENIED IN PART**.

   **AN APPROPRIATE JUDGMENT WILL ENTER.**

                                           /s/ *Travis R. McDonough*
                                           **TRAVIS R. MCDONOUGH**
                                           **UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that it must give notice to a plaintiff before attaching conditions to a voluntary dismissal that create legal prejudice.  *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 627, 630, 632 (6th Cir. 2000) (explaining that a plaintiff may only appeal an order granting voluntary dismissal if the court imposes conditions that cause "legal prejudice" and holding that "the district court's failure to give the [plaintiffs] proper notice" of a condition placed on dismissal was an abuse of discretion).  The Court finds that the conditions imposed here do not cause either party to suffer any legal prejudice.  *See id.* at 628 (holding that "the district court's imposition of the rulings from the original action on the refiled action" did not create legal prejudice); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 699–700 (6th Cir. 1964) (holding that requiring the plaintiff to refile suit in the same court was not unreasonable).